IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ONSET FINANCIAL, <br><br>    Plaintiff, <br>v. <br><br>KATOFSKY, et al., <br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' [24] MOTION TO CONTINUE BRIEFING <br><br>Case No. 2:24-cv-00133-DBB-CMR <br><br>District Judge David Barlow <br><br>Magistrate Judge Cecilia M. Romero |

## I. BACKGROUND

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 19). Before the court is Defendants' Ex Parte Application to Continue Briefing on Motion for Summary Judgment, or in the alternative, for an Order Taking the Motion off Calendar (Motion) (ECF 24). In support of their Motion, Defendants argue that Plaintiff's Motion for Summary Judgment (ECF 22) is premature given that the parties have not yet commenced discovery (ECF 24 at 2). In response, Plaintiff argues that its Motion for Summary Judgment is timely under the court's Scheduling Order (ECF 20) and that Defendants' Motion should be denied for failure to comply with Federal Rule of Civil Procedure 56(d) (ECF 25 at 3–5). Defendants also filed a Reply (ECF 26) and a Declaration (ECF 27) in support of their Motion. For the reasons set forth below, the court hereby DENIES the Motion.

## II. DISCUSSION

The court first addresses the timing of Plaintiff's Motion for Summary Judgment, which was filed on May 16, 2024 (ECF 22). Defendants argue Plaintiff's Motion is premature because it was filed before initial disclosures, discovery, and a scheduling conference set for April 2, 2025

in the court's Scheduling Order (ECF 20). Plaintiff responds that the parties filed an Attorney Planning Meeting Report (ECF 16) in accordance with Rule 26(f) on March 11, 2024, exchanged initial disclosures by the agreed May 1, 2024 deadline, and the April 2025 conference is a pretrial conference unrelated to discovery (ECF 25 at 5–6).

The court agrees with Plaintiff. The court's Order to Propose Schedule (ECF 11) explains the procedure for meeting the requirements under Rule 26(f), and the parties have met their obligations under the rule by filing their Attorney Planning Meeting Report and proposed scheduling order (ECF 16). *See* Fed. R. Civ. P. 26(f). Further, the court's Scheduling Order (ECF 20) makes clear that that the April 2025 conference is a pretrial conference for the purpose of setting trial dates and has no bearing on discovery-related deadlines. Finally, Rule 56(b) specifically addresses the timing of summary judgment motions, stating that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment *at any time* until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b) (emphasis added). The Scheduling Order sets a deadline for dispositive motions of March 25, 2025 (ECF 20 at 5). Neither Rule 56(b) nor the Scheduling Order restrict how early a summary judgment motion may be filed in a case. Plaintiff's Motion was therefore timely filed.

The court next addresses the applicability of Rule 56(d), which provides that, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Plaintiff argues that Defendants' Motion fails to comply with Rule 56(d) because it does not include the required affidavit or declaration (ECF 25 at 4). Defendants respond that Rule 56(d) is an inapplicable procedural requirement given that the parties

2

have not yet had an opportunity to conduct discovery (ECF 26 at 3). On the next day after filing their Reply, Defendants also filed a Declaration referencing Rule 56(d) (ECF 27).

Defendants provide no authority to support their argument that Rule 56(d) is not applicable and appear to have conceded its applicability by filing a Declaration. The court agrees with Plaintiff that Defendants' Motion is procedurally deficient under Rule 56(d). The later filing of a Declaration does not cure the deficiencies of the initial Motion. Because Defendants failed to file a proper Rule 56(d) motion, the briefing on their Motion does not address the substantive issues relevant to resolving such a motion. Moreover, even if the Declaration had been filed at the time Defendant's Motion was filed, it fails to meet the standard under Rule 56(d) of providing specific reasons Defendants cannot oppose Plaintiff's Motion for Summary Judgment, such as by identifying disputes of fact or discovery needed related to the issues raised in Plaintiff's Motion. Defendants' Motion therefore fails to comply with the requirements of Rule 56(d).

### III. CONCLUSION AND ORDER

For the foregoing reasons, the court hereby DENIES Defendants' Motion (ECF 24) and ORDERS Defendants to file a response to Plaintiff's Motion for Summary Judgment (ECF 22) within 28 days of the date of this Order.

DATED this 2 July 2024.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah